UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELITA TABB,<br><br>    Plaintiff,<br><br>v.<br><br>MERCURY FINANCIAL LLC<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. _____<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes ANGELITA TABB ("Plaintiff"), by and through her attorneys, Herrin Law, PLLC ("Herrin Law"), complaining as to the conduct of MERCURY FINANCIAL LLC ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.  Plaintiff is a consumer person over 18 years-of-age residing in Dallas County, Texas, which is located within the Northern District of Texas.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant in this case is a foreign corporation formed under the laws of the State of Delaware whose principal office is located at 11401 Century Oaks Terrace, Ste. 470, Austin, TX 78758 and is authorized to do business in the State of Texas. Defendant may be served by serving its registered agent for process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  Plaintiff obtained a personal loan through Defendant.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments to Defendant, thus incurring debt ("subject debt").

11. On or about September 1, 2020, Plaintiff retained our Office for debt settlement services.

12. On or about September 7, 2020, our Office mailed a Notice of Representation of Plaintiff and request for debt validation to Defendant.

13. On or about December 16, 2020, our Office provided Defendant with verbal notice of our

representation of Plaintiff.

14. Even though Defendant received written and verbal notice of Herrin Law's representation of Plaintiff, Defendant continued to collect the debt directly from client through automated phone calls, calls by representatives, and collection letters mailed to Plaintiff.

15. Plaintiff began receiving calls to her cellular phone, (248) XXX-3251, from Defendant seeking to collect upon the subject debt.

16. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 3251. Plaintiff is and has always been financially responsible for the cellular phone and its services.

17. Defendant mainly uses the phone number (833) 306-0710 when placing phone calls to Plaintiff's cellular phone. Upon information and belief, Defendant uses other phone numbers to contact Plaintiff's cellular phone.

18. Upon information and belief, the above-referenced phone number ending in -0710 is regularly utilized by Defendant during its debt collection activity.

19. During answered calls, Plaintiff was subjected to prerecorded messages asking Plaintiff to hold for a representative to speak with her.

20. Thereafter, Plaintiff had to endure a noticeable pause, having to say "hello" several times, before being connected to a live representative.

21. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was attempting to collect upon the subject debt.

22. Plaintiff notified Defendant to call her counsel, Herrin Law, regarding the debt and demanded that Defendant cease calling her cellular phone.

23. On or about January 18, 2021, Plaintiff's Counsel mailed a Demand letter to Defendant to once again to notify Defendant that all direct communication to Plaintiff cease and be directed

instead to our Office.

24. Thereafter Defendant continued to place calls to Plaintiff's cellular phone, even after being notified to stop.

25. Plaintiff has received not less than 50 phone calls from Defendant since asking it to stop calling.

26. Plaintiff has even reiterated her demands that Defendant stop calling her cellular phone on multiple occasions.

27. On or about March 11, 2021, Plaintiff's Counsel mailed a second Demand Letter to Defendant, after not receiving a response to the first letter, to once again notify Defendant that all direct communication to Plaintiff cease and be directed instead to our Office.

28. Frustrated over Defendant's conduct, Plaintiff spoke with Herrin Law regarding her rights, resulting in expenses.

29. Plaintiff still receives calls from Defendant even though she and our Office have told Defendant to stop.

30. Plaintiff has been and continues to be unfairly and unnecessarily harassed by Defendant's actions.

31. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

34. Defendant used an ATDS *and* prerecorded messages in connection with its communications directed towards Plaintiff's cellular phone. The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continues to contact Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

35. Defendant violated the TCPA by placing at least 50 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting her.

36. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

37. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.

38. Moreover, Defendant's and Defendant's agents willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages, up to $1,500 for each and every violation, to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANGELITA TABB, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages of $1,500.00 for each knowing/willful violation pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

42. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

44. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 50 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing

campaign of phone calls in hopes of extracting payment.

45. Upon being told to stop calling, being notified of representation of Plaintiff by our Office, and receipt of the Demand Letters sent by our Office, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

47. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone through live representatives and using an automated system and prerecorded messages absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, Angelita Tabb, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 19, 2021                                                     Respectfully submitted,

<u>s/C. Daniel Herrin</u>
C. Daniel Herrin
State Bar No. 24065409
*Counsel for Plaintiff*
Herrin Law, PLLC
4925 Greenville Ave., Suite 455
Dallas, TX 75206
(469) 607-8551 (phone)
(214) 722-0271 (fax)
mycase@herrinlaw.com